# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN ZAVALA, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:06-CV-889-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner John Zavala, TDCJ #1310271, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Cuero, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On June 6, 2005, Zavala waived a jury trial and was given and signed written plea

admonishments, after which he entered open pleas of guilty to the offenses of arson and burglary of a habitation in Case No. 0943395D in the 396th District Court of Tarrant County, Texas. (Clerk R. at 10-19, 23.) After a punishment hearing on June 7, 2005, the trial court assessed his punishment at forty-five years' confinement for each offense, the sentences to run concurrently. (*Id.* at 23.) Zavala appealed, but the Seventh District Court of Appeals of Texas affirmed the trial court's judgment on December 2, 2005. *Zavala v. Texas*, No. 07-05-0250-CR, slip op. (Tex. App.–Amarillo Dec. 2, 2005) (not designated for publication). Zavala did not file a petition for discretionary review. (Petition at 3.) Zavala has filed three state applications for habeas corpus relief. The first two were dismissed by the Teas Court of Criminal Appeals because Zavala's direct appeal was still pending. *Ex parte Zavala*, Application Nos. WR-63,999-01 & WR-63,888-02. The third was denied by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Zavala*, Application No. WR-63,888-03. This petition followed.

### D. ISSUES

In two grounds, Zavala contends that his guilty pleas were rendered involuntary because he was unaware of the consequences of the pleas and that he received ineffective assistance of trial counsel. (Petition at 7.)

### E. RULE 5 STATEMENT

Quarterman asserts that Zavala has not exhausted his state remedies on the claims presented as required by 28 U.S.C. § 2254(b)(1)(a) and that the claims are procedurally barred. (Resp't Answer at 2-3.)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999). Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting, in accordance with the rules of the state courts, the substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2006); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). The exhaustion requirement is not satisfied if a petitioner presents new legal theories or factual claims in his federal habeas petition. *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir. 2007).

In Zavala's only properly filed state habeas application, he raised one ground complaining of ineffective assistance of counsel on the basis that counsel had failed to advise him of the correct punishment range. He alleged that the state had made a 20-year plea offer and, had he known the range of punishment was 25 to 99 years or life, he would have accepted the plea offer. *Ex parte Zavala*, Application No. WR-63,888-03, at 7, 12-14. He further alleged that his intentions were always to plead guilty and that after he signed the written admonishments, but before the plea hearing, counsel informed him that the range of punishment was, in fact, 25 to 99 years or life. *Id.* at 12.[1]

In contrast, in this petition, Zavala raises a claim that his pleas were involuntary because

---

[1] As noted by the state habeas judge, who was also the trial judge, Zavala makes inconsistent and contradictory assertions in his state habeas applications that cast doubt on his credibility in these habeas proceedings. *Id.* at 17-21.

3

counsel led him to believe he would receive the legal minimum punishment of 25 years if he pled guilty, failed to inform him of the consequences of an open plea, and misinformed him that he could withdraw his pleas, and that he would not have pled guilty if he had been informed of the true consequences of his open pleas. (Petition at 7.) He also raises an ineffective assistance claim, in which he contends counsel was not prepared for trial because he had not previously interviewed and subpoenaed an alibi witness, reviewed the state's evidence for admissibility, or discussed trial strategy or defenses with him. He further contends that he desired a jury trial, but counsel threatened that a jury would give him much more than 25 years versus the trial judge who would be lenient. (*Id.*) These specific claims are raised for the first time in this petition; thus, they are unexhausted for purposes of federal habeas relief.

Under the Texas abuse-of-the-writ doctrine, however, Zavala cannot now return to state court for purposes of exhausting the claim. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Zavala's claims are procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).[2]

---

[2]Notwithstanding Zavala's failure to exhaust his claim that he was unaware of the range of punishment, his claim lacks merit. Although the written plea admonishments incorrectly state that the range of punishment is 5 to 99 years or life, Zavala was expressly admonished in open court regarding the correct range of punishment, and he nevertheless persisted in pleading guilty. (Reporter's R., vol. 2, at 8.) A federal court will uphold a guilty plea on habeas review if the plea was voluntary, knowing, and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Zavala points to nothing in the record to show that his decision to plead guilty after having been properly admonished as to the correct range of punishment was involuntary or unknowing. Instead, as noted by the state habeas court, it appears Zavala decided to enter guilty pleas in the hope that he would receive as lenient a sentence as legally possible. *Ex parte Zavala*, Application No. WR-63,888-03, at 21. Merely receiving a greater

4

## II. RECOMMENDATION

Zavala's claims are unexhausted and procedurally barred; thus, his petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 30, 2007. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 30, 2007, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if

---

sentence than hoped for does not render a guilty plea involuntary nor is it a proper basis for the withdrawal of a guilty plea. *See United States v. Rodriguez*, 62 F.3d 723, 725 (5th Cir. 1995).

objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 9, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE